FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUL 29 AM 7:00

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CECIL JOHNSON, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civ. No. <u>04-2140-B/P</u> |
| | ) | |
| CADILLAC OF MEMPHIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND
TO THE SECOND SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS
AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Before the court is plaintiff's Motion to Compel Defendant to Respond to the Second Set of Interrogatories and Request for Documents, filed July 8, 2005 (dkt #22) and defendant Cadillac of Memphis's Motion for Protective Order, filed July 12, 2005 (dkt #23). Both motions relate to plaintiff's Second Set of Interrogatories and Requests for Production of Documents, which were served on defendant on June 10, 2005. For the reasons below, the plaintiff's motion to compel is DENIED and the defendant's motion for protective order is GRANTED.

On February 25, 2004, the plaintiff filed this Title VII complaint alleging that he was terminated from his employment with the defendant on the basis of his race, and that the defendant retaliated against him for complaining about unfair treatment. On

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-29-05

28

October 14, 2005, the court held a scheduling conference in this case.  Present at the conference were the plaintiff, who was pro se at the time, and counsel for the defendants.  At that conference, the court discussed with the parties the scheduling of pre-trial matters and established dates for completing discovery.  On October 19, 2004, the court entered a scheduling order setting forth these deadlines.  Most notably, the deadline for the completion of all discovery was April 15, 2005.  The non-jury trial is set to begin on August 15, 2005.

Sometime after the scheduling conference, the plaintiff retained counsel, Darrell J. O'Neal, to represent him.  Mr. O'Neal propounded interrogatories and requests for documents on the defendant, and obtained these discovery materials after the court granted plaintiff's motion to compel.  On June 22, 2005, over two months after the close of discovery, Mr. O'Neal filed a motion to withdraw as counsel.  In the motion, Mr. O'Neal stated that plaintiff had no opposition to counsel withdrawing, and that the trial would not be delayed by withdrawal because "written discovery is complete and no depositions have been scheduled by either party."  Both Mr. O'Neal and the plaintiff signed the motion.  On June 23, 2005, the court granted the motion to withdraw, allowing the plaintiff to proceed pro se.

On or about June 10, 2005, plaintiff served the defendant with 45 interrogatories (which was in addition to the 14 interrogatories contained in plaintiff's first set of interrogatories) and 9 document requests. Defendant objected to responding to these discovery requests, and as a result, the present motions were filed.

It is well established that the scope of discovery is within the sound discretion of the trial court. <u>Lavado v. Keohane</u>, 992 F.2d 601, 604 (6th Cir. 1993). A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. <u>Overnite Transportation Co. v. International Brotherhood of Teamsters</u>, No. 99-2747, 2001 WL 1910054, *1 (W.D. Tenn. Oct. 26, 2001); <u>Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.</u>, No. 99-2656, 2001 WL 1910058 (W.D. Tenn. Sept. 21, 2001); <u>see also</u> <u>Banks v. CBOCS West, Inc.</u>, No. 01 C 0795, 2004 WL 723767, *2 (N.D. Ill. April 1, 2004); <u>Willis v. New World Van Lines, Inc.</u>, 123 F.Supp.2d 380, 401 (E.D. Mich. 2000) (citing <u>Ginett v. Federal Express Corp.</u>, 166 F.3d 1213 (6th Cir. 1998)); <u>Gault v. Nabisco Biscuit Co.</u>, 184 F.R.D. 620, 622 (D. Nev. 1999). As this Court in <u>Overnite Transportation</u> explained:

Local Rule 26.1(d) of the Western District of Tennessee provides

> All discovery shall be completed and *all motions in connection with disputed discovery shall be filed no later than the dates designated in the scheduling order.*" (emphasis added). The plain language of the amended scheduling order indicates that all discovery was to be "completed" by May 31, 2001, nearly five months ago. The term "completed" means "finished," or with "nothing substantial remaining to be done." Black's Law Dictionary 285 (6th ed. 1990).

Id. at *1; see also Medtronic, 2001 WL 1910058, at *4 ("the motion to compel was filed with the Court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline.")

Although under certain circumstances there may be good cause to excuse an untimely motion to compel, the Court finds that no such good cause exists in this case. The scheduling order set the deadline for completing discovery for April 15, 2005. By that date, all parties were to complete all discovery. In fact, in Mr. O'Neal's motion to withdraw, which was signed by the plaintiff personally, he stated that as of June 22, 2005 written discovery was complete. Thus, not only is the motion to compel untimely, but the underlying discovery requests which are the subject of the motion to compel were served nearly two months after the discovery

deadline. The court finds no good cause to excuse the plaintiff's untimely motion to compel.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

_July 28, 2005_____
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:04-CV-02140 was distributed by fax, mail, or direct printing on July 29, 2005 to the parties listed.

---

Cecil Johnson
91 North Belvedere
Apt. #15
Memphis, TN 38104

William E. Norcross
NORCROSS LAW FIRM
890 Willow Tree Circle
Ste. 8
Cordova, TN 38018

Honorable J. Breen
US DISTRICT COURT